FILED
United States Court of Appeals
Tenth Circuit

December 26, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

CHOUDHRY ZAFAR IQBAL,

Defendant-Appellant.

No. 12-3223
(D.C. No. 5:10-CR-40070-JAR-1)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **EBEL**, and **MATHESON**, Circuit Judges.

This matter is before the court on the government's motion to enforce the

appeal waiver contained in defendant Choudhry Zafar Iqbal's plea agreement. The

defendant pleaded guilty to one count of insurance fraud resulting from an arson.

Pursuant to the plea agreement, Iqbal waived his right to appeal his conviction or

sentence, provided the sentence was within the statutory maximum authorized by law

---

[*]     This panel has determined that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The
case is therefore ordered submitted without oral argument. This order and judgment
is not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

and did not upwardly depart from the sentencing guideline range. The district court sentenced Iqbal to 37 months' imprisonment, the low end of the guideline range. Nevertheless, Iqbal filed a notice of appeal.

The government filed its motion to enforce the plea agreement pursuant to *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). Iqbal filed a response, arguing that waiver was not knowing and voluntary because the plea agreement's waiver of appeal was inconsistent and ambiguous, and that the court's colloquy was inadequate.

We have reviewed the motion and the record, and agree that Iqbal's proposed appeal falls within the scope of the appeal waiver, that he knowingly and voluntarily waived his appellate rights, and that enforcing the waiver would not result in a miscarriage of justice. *See id*. at 1325 (describing the factors this court considers when determining whether to enforce a waiver of appellate rights).

Accordingly, we grant the motion to enforce the plea agreement and dismiss the appeal.

Entered for the Court
Per Curiam